UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH HOPKINS | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
|   v. | : | |
| | : | |
| TOWN OF WINDHAM; OFFICER | : | |
| MICHAEL CANCELLARO, in his individual | : | |
| and official capacities; OFFICER MATTHEW | : | |
| SLOWAK, in his individual and official | : | |
| capacities; OFFICER ALEX MERCADO, in his | : | |
| individual and official capacities; OFFICER | : | MARCH 6, 2008 |
| MIKE ROHAN, in his individual and official | : | |
| capacities; OFFICER JUSTIN REED, in his | : | |
| individual and official capacities | : | |
|     Defendants | : | |
| | : | |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1985, and the Fourth and Fourteenth Amendment to the United States Constitution, and under the common law of the State of Connecticut, against Officer Michael Cancellaro, Officer Matthew Slowak, Officer Alex Mercado, Officer Mike Rohan, Officer Justin Reed, police officers of the City of Windham, in their individual and official capacities and against the Town of Windham. Jurisdiction is based upon 28 U.S.C. §§ 1331and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that certain of the individual police officer defendants made an unreasonable seizure of the person of Plaintiff Joseph Hopkins, violating his rights under the Fourth and Fourteenth Amendment to the United States Constitution, and that these Defendants assaulted and battered John Hopkins, and later conspired together and with others to

deprive Plaintiff of civil rights by submitting false reports under oath and falsely exposing him to prosecution for acts he did not commit.   It is further alleged that these violations and torts were committed as a result of policies and customs of the City of Windham.

## THE PARTIES

3. The Plaintiff, Joseph Hopkins, was at all material times a resident of Scotland, Connecticut, and of full age.

4. Defendant, Town of Windham, is a municipality duly organized, incorporated, and chartered under and pursuant to the laws of the State of Connecticut.

5. Defendant Michael Cancellaro is a citizen of the State of Connecticut who, at all relevant times, was employed as a Police Officer with the Willimantic Police Department. Willimantic is a political subdivision of the Town of Windham.

6. Defendant Matthew Slowak is a citizen of the State of Connecticut who, at all relevant times, was employed as a Police Officer with the Willimantic Police Department.

7. Defendant Alex Mercado is a citizen of the State of Connecticut who, at all relevant times, was employed as a Police Officer with the Willimantic Police Department.

8. Defendant Mike Rohan is a citizen of the State of Connecticut who, at all relevant times, was employed as a Dispatcher with the Willimantic Police Department.

9. Defendant Justin Reed is a citizen of the State of Connecticut who, at all relevant times, was employed as a Dispatcher with the Willimantic Police Department.

## JURISDICTION

10. The United States District Court for the District of Connecticut has subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1343(3) because it asserts claims under 42 U.S.C. Sec.1983 and the Fourth and Fourteenth Amendments to the

United States Constitution, and 42 U.S.C. 1985, based on the deprivation of rights secured under the United States Constitution.

**FACTUAL BACKGROUND**

11. On May 4, 2007, Defendants Cancellaro and Slowak were dispatched to the St. Paul Soup Kitchen.

12. Plaintiff was arrested and transported to the Willimantic Police Headquarters.

13. Defendant Cancellaro exited the police cruiser and secured his duty weapon in a lock box located in the sally port.

14. Plaintiff stepped out of the rear driver side portion of the cruiser on his own accord.

15. Plaintiff was handcuffed in the standard procedure (rear) and was following orders.

16. Both Plaintiff and Defendant Cancellaro walked to the booking room where Defendant Cancellaro removed Plaintiff's handcuffs.

17. Defendant Cancellaro instructed Plaintiff to remove his belongings from his pocket and Plaintiff complied with Defendant Cancellaro's directive.

18. During this time, Defendant Cancellaro was standing with his back to the booking room door in close proximity to Plaintiff.

19. Plaintiff was speaking to Defendant Cancellaro and Defendant Cancellaro began walking back towards the far end of the booking room away from Plaintiff.

20. As Plaintiff continued to empty his belongings from his pockets, Defendant Cancellaro walked back toward Plaintiff and stood by the AFIS machine with his arms crossed. Plaintiff was standing with his back toward the booking room door and facing the wall directly across from him with his right side facing Defendant Cancellaro.

21. Plaintiff was speaking with his arms slightly raised in front of him, but not in Defendant

3

Cancellaro's direction or in a threatening manner.

22. As Plaintiff was putting his arms down by his side, Defendant Cancellaro suddenly took two steps towards Plaintiff and struck a powerful blow to Plaintiff's face which knocked him into the wall and onto the floor.

23. Plaintiff fell and the lights went off. While the lights were out, Defendant Cancellaro continued to strike and batter Plaintiff.

24. When the lights were turned back on, Plaintiff was lying on his back and Defendant Cancellaro was kneeling on his chest.

25. Defendants Slowak and Mercado entered the booking room and further assaulted Plaintiff's body. When Defendants released Plaintiff, Plaintiff remained motionless on the ground.

26. Defendants Cancellaro, Slowak and Mercardo turned Plaintiff over onto his chest and handcuffed him. Plaintiff did not resist or struggle with Defendants Cancellaro, Mercado and Slowak. While Plaintiff was being handcuffed, Defendant Mercado took his foot and placed it on Plaintiff's head/neck.

27. Once Plaintiff was handcuffed, he was dragged by his arms put into a prison cell, and was left handcuffed on the floor. Plaintiff told Defendants Cancellaro, Mercado and Slowak that he was in a lot of pain and needed medical attention.

28. During this time he was in custody, Plaintiff was denied requested medical assistance by the Defendants.

29. Upon information and belief, Defendant Cancellaro hit Plaintiff so hard that Defendant Cancellaro went to a hospital to have his hand looked after.

30. Plaintiff was left dangerously injured and in danger of choking on his own vomit.

4

31. Eventually Plaintiff was released from the Willimantic police station.

32. At no time during the events which took place in the booking area and the cell of the
Windham Police Headquarters described above, was Plaintiff a threat to the safety of
himself or others, nor did he commit any criminal offenses.

33. At all times during the events described above, the Defendants Cancellaro, Mercado, and
Slowak were engaged in a joint venture and conspiracy.  These individual Defendants
assisted each other in performing the various actions described and lent their physical
presence and support and the authority of their office to each other during the said events.
Later they, together with Defendants Reed and Rohan, signed and/or gave false
statements including and/or supporting the proposition that Plaintiff had assaulted
Defendant Cancellaro in the booking area.

34. In so doing, Defendants Reed and Rohan conspired to cover up the actions of the other
conspirators and to assist in having Plaintiff falsely charged with criminal conduct.

35. As a direct and proximate result of the said acts of the said Defendants, Plaintiff suffered
the following injuries and damages:

    a.  Violation of his constitutional rights under the Fourth and
Fourteenth Amendments to the United States Constitution,
rights to equal protection and substantive due process;

    b.  Loss of his physical liberty;

    c.  Physical injury, pain and suffering and emotional trauma
and suffering, requiring the expenditure of money for
treatment;

    d.  The actions of the said Defendants violated the following

clearly established and well settled federal constitutional

rights of Plaintiff:

1.      Freedom from the unreasonable seizure of

his person.

2.      Freedom from the use of excessive,

unreasonable and unjustified force against

his person.

**COUNT ONE:**          **VIOLATION OF 42 U.S.C. SEC. 1983 (AGAINST OFFICER MICHAEL CANCELLARO, in his individual and official capacities; OFFICER ALEX MERCADO, in his individual and official capacities; OFFICER MATTHEW SLOWAK, in his individual and official capacities**

36. Plaintiff hereby incorporated by reference Paragraphs 1 through 35 above.

37. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. Sec. 1983 against Defendants Cancellaro, Mercado, Slowak.

38. As a result of the actions of Defendants Cancellaro, Mercado, Slowak, Plaintiff has suffered and will continue to suffer damages, including loss of salary and fringe benefits, a depletion of savings, unnecessary financial obligations and personal property, injury to his personal reputation, mental anguish, physical injury, physical and emotional distress, humiliation and embarrassment.

39. As a further result of said Defendants' actions, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this claim.

**COUNT TWO:**          **ASSAULT AND BATTERY (AGAINST OFFICER MICHAEL CANCELLARO, in his individual and official capacities; OFFICER ALEX MERCADO, in his individual and official capacities; OFFICER MATTHEW SLOWAK, in his individual and official capacities**

6

40. Plaintiff hereby incorporated by reference Paragraphs 1 through 35 above.

41. Defendants Cancellaro, Mercado, Slowak assaulted and battered Plaintiff.

42. As a result of this assault and battery, Plaintiff suffered damages as aforesaid in paragraph 38 of Count One.

43. As a result of this assault and battery Plaintiff will continue to incur attorneys' fees and costs in pursuing this claim.

**COUNT THREE:**    **VIOLTION OF 42 U.S.C. SEC. 1985 (AGAINST OFFICER MICHAEL CANCELLARO, in his individual official capacities; OFFICER MERCADO, in his individual and official capacities; OFFICER SLOWAK, in his individual and official capacities; OFFICER MICHAEL ROHAN, in his individual and official capacities, and OFFICER JUSTIN REED, in his individual and official capacities)**

44. Plaintiff hereby incorporated by reference Paragraphs 1 through 35 above.

45. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. sec. 1985 against Defendants Cancellaro, Mercado, Slowak, Rohan and Reed.

46. As a result of the actions of Defendants Cancellaro, Mercado, Slowak, Rohan and Reed, Plaintiff has suffered and will continue to suffer damages, including loss of salary and fringe benefits, a depletion of savings, unnecessary financial obligations and personal property, injury to his personal reputation, mental anguish, physical and emotional distress, humiliation and embarrassment.

47. As a further result of Defendants' actions, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this claim.

**COUNT FOUR:**    **VIOLATION OF 42 USC 1983 FORTH AND FOURTEENTH AMENDMENT AGAINST THE TOWN OF WINDHAM DUE TO FAILURE TO MAINTAIN REASONABLE POLICIES AND PROCEDURES TO PROTECT THE RIGHTS AND SAFETY OF PERSONS ACCUSED, AND FAILURE TO TRAIN, MONITOR AND SUPERVISE ITS OFFICERS CONCERNING THE TREATMENT AND SAFETY OF PERSONS ACCUSED**

48. Plaintiff hereby incorporated by reference Paragraphs 1 through 35 above.

49. Plaintiff was injured and sustained loss of property as a result of the Defendant Town of Windham's failure to maintain reasonable policies and procedures to protect the rights and safety of the Plaintiff, and its failure to train, monitor and supervise its police officers concerning the treatment and safety of persons accused.

50. It was the policy and/or custom of the City of Windham to inadequately train, monitor and supervise its police officers, including the Defendants Cancellaro, Mercado, Slowak, Rohan and Reed, thereby failing to adequately discourage constitutional violations on the part of its police officers. Upon information and belief, the Defendant Town did not require effective in-service training or re-training of officers.

51. As a result of the above described policies and customs, police officers of the Town of City of Windham, including Defendants Cancellaro, Mercado, Slowak, Rohan and Reed, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated and that they could "cover up" and "lie their way out of" any responsibility.

52. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Windham to the constitutional rights of persons within the City, especially low income persons and persons considered "undesireables", and were the cause of the violations of Plaintiff's rights alleged herein.

53. As a result of Defendant Town of Windham's failure to adequately train, monitor and supervise its officers, Defendants used excessive, unreasonable and unjustified force against Plaintiff.

54. Defendant Town of Windham's failure to provide adequate and proper training, monitoring and supervision of its officers was a cause of Plaintiff's injuries, losses, and harms.

55. As a result of the actions of Defendant Town of Windham, Plaintiff has suffered and will continue to suffer damages, including loss of salary and fringe benefits, a depletion of

8

savings, financial obligations and personal property, injury to his personal and professional reputations, mental anguish, physical injury, physical and emotional distress, humiliation and embarrassment.

56. As a further result of Defendant's actions, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this claim.

**COUNT FIVE:**      **DEFAMATION (AGAINST OFFICER MICHAEL CANCELLARO, in his individual and Official capacities; OFFICER ALEX MERCADO, in his individual and official capacities; OFFICER MATTHEW SLOWAK, in his individual and official capacities; OFFICER MIKE ROHAN, in his individual and official capacities, and OFFICER JUSTIN REED, in his individual and official capacities)**

57. Plaintiff hereby incorporated by reference Paragraphs 1 through 35 above.

58. Defendants Cancellaro, Mercado, Slowak, Rohan and Reed intentionally misrepresented the events which took place in the booking area and the cell of the Windham Police Headquarters described above.

59. In addition, Defendants signed false statements including indicating that Plaintiff had assaulted Defendant Cancellaro. Plaintiff was never a threat to the safety of himself or others, nor did he commit any criminal offenses.

As a result of the actions of Defendant Town of Windham, Plaintiff has suffered and will continue to suffer damages, including loss of salary and fringe benefits, a depletion of savings, financial obligations and personal property, injury to his personal and professional reputations, mental anguish, physical injury, physical and emotional distress, humiliation and embarrassment.

60. As a further result of Defendant's actions, Plaintiff has incurred and will continue to incur attorneys' fees and costs in pursuing this claim.

9

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Compensatory damages, including damages for physical injury, emotional distress and for harm to reputation;

2. Punitive damages;

3. Damages for lost employment and career opportunities;

4. Interest and costs;

5. Attorneys' fees;

6. Such other relief as in law or equity may pertain.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

> PLAINTIFF,
> Joseph Hopkins
>
> By: _____
> Peter B. Prestley (ct15799)
> Madsen, Prestley & Parenteau, LLC
> 44 Capitol Avenue, Suite 201
> Hartford, CT  06106
> Tel:  (860) 246-2466
> Fax: (860) 246-1794
> pbprestley@mppjustice.com